**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
DAVEN P. CAMERON, ESQ.
Nevada Bar No. 14179
3005 West Horizon Ridge Parkway, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
daven@lagomarsinolaw.com
*Attorneys for Plaintiff Parnell Jay Fair*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL JAY FAIR, individually, | CASE NO: 2:20-cv-01841-JCM-BNW |
| Plaintiff, | |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; L. TURLEY P# 15885, individually; A. RYNDAK P# 16540, individually; UNIVERSITY MEDICAL CENTER, D/B/A UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA, a Nevada Governmental Entity; CHASITY TRAVIS, individually; JENNA A. DOUD, individually; JESSE WELLS, individually; CASEY ALLEN ROEHR, individually; HOWARD SHANE, individually; SCOTT KEVIN LEE, individually; BROCK T. WENTZ, individually; DOES I – X, and ROES I – X, inclusive | **STIPULATION AND ORDER TO AMEND PLAINTIFF'S COMPLAINT TO CORRECT A MISNOMER AND VOLUNTARILY DISMISS HIS PROFESSIONAL NEGLIGENCE CLAIM** |
| Defendants. | |

Plaintiff PARNELL JAY FAIR, by and through his counsel of record, ANDRE M. LAGOMARSINO, ESQ. and DAVEN P. CAMERON, ESQ. of the law firm of Lagomarsino Law; Defendants UNIVERSITY MEDICAL CENTER and CHASITY TRAVIS, through their counsel of record JEFFREY I. PITEGOFF, ESQ. of the law firm of Pitegoff Law Office; Defendants LAS VEGAS METROPOLITAN POLICE DEPARTMENT, LUKAS TURLEY, and ALEXANDER

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

RYNDAK, through their counsel of record LYSSA S. ANDERSON, ESQ., RYAN W. DANIELS, ESQ., and KRISTOPHER J. KALKOWSKI, ESQ. of the law firm of Kaempfer Crowell; Defendant BROCK T. WENTZ, through his counsel of record KEITH A. WEAVER, ESQ. and MELANIE L. THOMAS, ESQ., of the law firm of Lewis Brisbois Bisgaard & Smith LLP; Defendants JENNA DOUD and JESSE WELLS, by and through their counsel of record ROBERT C. MCBRIDE, ESQ. and SEAN M. KELLY, ESQ., of the law firm of McBride Hall; and Defendant SHAIN HOWARD, by and through his counsel of record ANTHONY D. LAURIA, of the law firm of Lauria Tokunaga Gates & Linn, LLP, CASEY ALLEN ROEHR, by and through her his counsel of record KATHERINE J. GORDON, ESQ., of the law firm of Lewis Brisbois Bisgaard & Smith LLP, SCOTT KEVIN LEE, by and through his counsel of record JOHN H. COTTON, ESQ. and BRAD J. SHIPLEY, ESQ., of the law firm of  JOHN H. COTTON & ASSOCIATES, LTD, do hereby stipulate and agree, subject to the Court's approval that: (1) Plaintiff shall be permitted leave to amend his Complaint (ECF No. 1) to correct the spelling of Defendant Howard Shane's name, whose correct name is Shain Howard, (2) correct Defendant L. TURLEY's name to reflect his actual name, which is Lukas Turley, and remove his officer identification number; (3) correct A. RYNDAK's name to reflect his actual name, which is Alexander Ryndak, and remove his officer identification number; and (4) that Plaintiff shall voluntarily dismiss his professional negligence cause of action in its entirety against Defendants UNIVERSITY MEDICAL CENTER, CHASITY TRAVIS, BROCK T. WENTZ, M.D. JENNA DOUD, JESSE WELLS, SHAIN HOWARD, CASEY ALLEN ROEHR and SCOTT KEVIN LEE, with prejudice.

On October 2, 2020, Plaintiff filed his Complaint, which asserts a cause of action for violations of his Eighth and Fourteenth Amendment rights, and a second cause of action for professional negligence (ECF No. 1). On October 27, 2020, Defendants Las Vegas Metropolitan Police Department, Lukas Turley and Alexander Ryndak filed their Answer to Plaintiff's Complaint (ECF No. 7). On November 2, 2020, Defendant Brock T. Wentz, M.D. filed his Motion to Dismiss

LAGOMARSINO LAW

3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864 · Facsimile (702) 383-0065

1   Plaintiff's Complaint (ECF No. 16). On November 10, 2020, Defendants Jesse Wells and Jenna A.

2   Doud filed a Joinder to Defendant Brock T. Wentz, M.D.'s Motion to Dismiss Plaintiff's Complaint

3   (ECF No. 24). On November 16, 2020, Defendants University Medical Center and Chasity Travis

4   filed their Motion to Dismiss (ECF No. 29). On November 17, 2020, Defendants Jesse Wells and

5   Jenna A. Doud filed a separate Joinder to Defendants University Medical Center and Chasity Travis'

6   Motion to Dismiss (ECF No. 31). On November 24, 2020, Defendant Scott Kevin Lee filed a Motion

7   to Dismiss Plaintiff's Complaint (ECF No. 32). The remaining Defendant, CASEY ALLEN ROEHR,

8   has been served with the Complaint and Summons, but has not formally appeared in this case.

9       On November 9, 2020, the Parties entered into a Stipulation and Order to Extend Plaintiff's

10  Deadline to File His Response to Defendant Brock T. Wentz, M.D.'s Motion to Dismiss (ECF No.

11  23), setting Plaintiff's deadline to oppose Defendant Wentz' Motion to Dismiss, and similar pending

12  dismissal motions, for January 31, 2021.

13      On November 20, 2020, Anthony D. Lauria, counsel for Shain Howard, e-mailed Plaintiff's

14  counsel stating that Defendant Howard Shane is not properly identified in the caption of the Complaint

15  and throughout the allegations contained therein because his correct name is "Shain Howard" not

16  "Howard Shane." Accordingly, the parties have stipulated and agreed that Plaintiff shall have leave

17  to amend the Complaint to correct this misnomer. Plaintiff shall also be permitted to amend the

18  Complaint to properly identify the first names of Defendants Turley and Ryndak. Finally, the parties

19  also agree that Plaintiff will dismiss his professional negligence claim, with prejudice, and such claim

20  will not be included in his first amended complaint against Defendants UNIVERSITY MEDICAL

21  CENTER, CHASITY TRAVIS, BROCK T. WENTZ, M.D., JENNA DOUD, JESSE WELLS,

22  SHAIN HOWARD, CASEY ALLEN ROEHR and SCOTT KEVIN LEE.

23      Plaintiff's proposed First Amended Complaint is attached hereto as **Exhibit 1**.

24  . . .

25  . . .

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

This stipulation is entered into in good faith and is not for the purpose of delay.

**IT IS SO STIPULATED AND AGREED.**

DATED this 8th day of December, 2020.                DATED this 7th day of December, 2020.

LAGOMARSINO LAW                                       KAEMPFER CROWELL

*/s/ Andre M. Lagomarsino*                            */s/ Lyssa S. Anderson*
Andre M. Lagomarsino, Esq. (#6711)                    Lyssa S. Anderson, Esq. (#5781)
Daven P. Cameron, Esq. (#14179)                       Ryan W. Daniels, Esq. (#13094)
3005 W. Horizon Ridge Pkwy., #241                     Kristopher J. Kalkowski, Esq. (#14892)
Henderson, Nevada 89052                               1980 Festival Plaza Drive, Suite 650
*Attorneys for Plaintiff Parnell Fair*                Las Vegas, Nevada 89135
                                                      *Attorneys for Defendants LVMPD, Lukas Turley,*
                                                      *and Alexander Ryndak*

DATED this 8th day of December, 2020.                DATED this 7th day of December, 2020.

LEWIS BRISBOIS BISGAARD & SMITH                       PITEGOFF LAW OFFICE
LLP

*/s/ Melanie L. Thomas*                               */s/ Jeffrey I. Pitegoff*
Keith A. Weaver, Esq.                                 Jeffrey I. Pitegoff, Esq. (#5458)
Nevada Bar No. 10271                                  911 Buffalo Drive, Suite 201
Melanie L. Thomas, Esq.                               Las Vegas, Nevada 89128
Nevada Bar No. 12576                                  *Attorney for Defendants University Medical*
6385 South Rainbow Blvd. Suite 600                    *Center and Chasity Travis*
Las Vegas, Nevada 89118
*Attorneys for Defendant Brock T. Wentz, M.D.*

DATED this 7th day of December, 2020.                DATED this 7th day of December, 2020.

McBRIDE HALL                                          JOHN H. COTTON & ASSOCIATES, LTD.

*/s/ Sean M. Kelly*                                   */s/ Brad J. Shipley*
Robert C. McBride, Esq. (#7082)                       John H. Cotton, Esq. (#5268)
Sean M. Kelly, Esq. (#10102)                          Brad J. Shipley, Esq. (#12639)
8329 West Sunset Road, Suite 260                      7900 West Sahara Avenue, Suite 200
Las Vegas, Nevada 89113                               Las Vegas, Nevada 89117
*Attorney for Defendant Jenna Doud and Jesse*         *Attorneys for Defendant Scott Kevin Lee*
*Wells*

. . .

. . .

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, #241, Henderson, Nevada 89052
Telephone (702) 383-2864 · Facsimile (702) 383-0065

DATED this 7th day of December, 2020.　　　DATED this 7th day of December, 2020.

LAURIA TOKUNAGA GATES & LINN, LLP　　LEWIS BRISBOIS BISGAARD & SMITH LLP

　_/s/ Anthony D. Lauria_　　　　　　　　　　　__/s/ Katherine J. Gordon_　　　　　　　　
Anthony D. Lauria, Esq. (#4114)　　　　　　Katherine J. Gordon, Esq.
601 South Seventh Street　　　　　　　　　　Nevada Bar No. 5813
Las Vegas, Nevada 89101　　　　　　　　　　6385 South Rainbow Blvd. Suite 600
_Attorney for Defendant Shain Howard_　　　　Las Vegas, Nevada 89118
　　　　　　　　　　　　　　　　　　　　　_Attorneys for Defendant Casey Roehr_

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT COURT JUDGE

DATED: _ December 9, 2020 _____

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, #241, Henderson, Nevada 89052
Telephone (702) 383-2864 · Facsimile (702) 383-0065

**EXHIBIT 1**

**PLAINTIFF'S PROPOSED FIRST AMENDED COMPLAINT**

1  **LAGOMARSINO LAW**
   ANDRE M. LAGOMARSINO, ESQ.
2  Nevada Bar No. 6711
   DAVEN P. CAMERON, ESQ.
3  Nevada Bar No. 14179
   3005 West Horizon Ridge Parkway, #241
4  Henderson, Nevada 89052
5  Telephone: (702) 383-2864
   Facsimile: (702) 383-0065
6  aml@lagomarsinolaw.com
   daven@lagomarsinolaw.com
7  *Attorney for Plaintiff Parnell Jay Fair*

8               **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10

11 PARNELL JAY FAIR, individually,
                                               CASE NO: 2:20-cv-01841-JCM-BNW
12        Plaintiff,

13 v.                                          **FIRST AMENDED COMPLAINT AND JURY
                                               DEMAND**
14 LAS   VEGAS   METROPOLITAN   POLICE
   DEPARTMENT, a political subdivision of the
15 State of Nevada; LUKAS TURLEY, individually;
   ALEXANDER     RYNDAK,      individually;
16 UNIVERSITY MEDICAL CENTER, D/B/A
   UNIVERSITY   MEDICAL   CENTER   OF
17 SOUTHERN NEVADA, a Nevada Governmental
   Entity; CHASITY TRAVIS, individually; JENNA
18 A. DOUD, individually; JESSE WELLS,
   individually;   CASEY   ALLEN   ROEHR,
19 individually; SHAIN HOWARD, individually;
   SCOTT KEVIN LEE, individually; BROCK T.
20 WENTZ, individually; DOES I – X, and ROES I
   – X, inclusive
21

22        Defendants.

23

24        COMES NOW, Plaintiff PARNELL JAY FAIR, by and through his attorneys of record

25 ANDRE M. LAGOMARSINO, ESQ. and DAVEN P. CAMERON, ESQ. of the law firm of

26 LAGOMARSINO LAW, and hereby alleges as follows:

27 . . .

28 . . .

**JURISDICTION AND VENUE**

1.      This civil action is brought to redress the deprivations of constitutional rights as protected under 42 U.S.C. § 1983, the Eighth and Fourteenth Amendments to the United States Constitution, and under the laws of the State of Nevada. Jurisdiction is conferred by 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

2.      Venue in this District is proper because all facts pled and all acts and omissions giving rise to this Complaint occurred in Clark County, Nevada in the District of Nevada.

**PARTIES TO THIS ACTION**

3.      At all times relevant herein, Plaintiff, PARNELL JAY FAIR ("Plaintiff" or "Mr. Fair") was, and is, a resident of Clark County, Nevada, over 18 years of age, and the victim of the unlawful actions of the Defendants as described herein.

4.      At all times relevant herein, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter "Metro") was, and is, a political subdivision of the State of Nevada. Defendant Metro is a law enforcement agency in Clark County, Nevada. Defendant Metro is responsible for the training, hiring, control, and supervision of all its officers and agents as well as the implementation and maintenance of official and unofficial policies. Metro employed Defendants LUKAS TURLEY and ALEXANDER RYNDAK.

5.      At all times relevant herein, Defendant LUKAS TURLEY (hereinafter "Turley") was employed as a police officer with Metro. Upon information and belief, Turley is a United States citizen and a resident of Clark County, Nevada. Turley is being sued in his individual capacity.

6.      At all times relevant herein, Defendant ALEXANDER RYNDAK (hereinafter "Ryndak") was employed as a police officer with Metro. Upon information and belief, Ryndak is a United States citizen and a resident of Clark County, Nevada. Ryndak is being sued in his individual capacity.

7.      At all times relevant herein, Defendant UNIVERSITY MEDICAL CENTER, D/B/A UNIVERSITY MEDICAL CENTER OF SOUTHERN NEVADA (hereinafter "UMC") was, and is, a licensed hospital located at 1800 West Charleston Boulevard, Las Vegas, Nevada.      Upon information and belief, the County of Clark owns and operates UMC.

8.      At all times relevant herein, Defendant CHASITY TRAVIS ("Nurse Travis") was, and is, an individual domiciled in the State of Nevada, is a registered nurse, and an employee and agent of UMC acting within the course and scope of her employment at the medical facility. Defendant Nurse Travis is being sued in her individual capacity.

9.      At all times relevant herein, Defendant JENNA A. DOUD ("Doud") was, and is, an individual domiciled in the State of Nevada, is a physician's assistant, and an employee and agent of UMC acting within the course and scope of her employment at the medical facility. Defendant Doud is being sued in her individual capacity.

10.      At all times relevant herein, Defendant JESSE WELLS ("Wells") was, and is, an individual domiciled in the State of Nevada, is a medical doctor, and an employee and agent of UMC acting within the course and scope of his employment at the medical facility. Defendant Wells is being sued in his individual capacity.

11.      At all times relevant herein, Defendant SCOTT KEVIN LEE ("Lee") was, and is, an individual domiciled in the State of Nevada, is a medical doctor, and an employee and agent of UMC acting within the course and scope of his employment at the medical facility. Defendant Lee is being sued in his individual capacity.

12.      At all times relevant herein, Defendant CASEY ALLEN ROEHR ("Roehr") was, and is, an individual domiciled in the State of Nevada, is a medical doctor, and an employee and agent of UMC acting within the course and scope of his employment at the medical facility. Defendant Roehr is being sued in his individual capacity.

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

LAGOMARSINO LAW

3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

13.     At all times relevant herein, Defendant SHAIN HOWARD ("Howard") was, and is, an individual domiciled in the State of Nevada, is a medical doctor, and an employee and agent of UMC acting within the course and scope of his employment at the medical facility. Defendant Howard is being sued in his individual capacity.

14.     At all times relevant herein, Defendant Brock T. Wentz ("Wentz") was, and is, an individual domiciled in the State of Nevada, is a medical doctor, and an employee and agent of UMC acting within the course and scope of his employment at the medical facility. Defendant Wentz is being sued in his individual capacity.

15.     Defendants Doud, Wells, Lee, Roehr, Howard, Wenz, and Nurse Travis are collectively referred to herein as the "Individual Providers."

16.     At all times relevant herein, and during the time that forms the basis for the allegations contained in this Complaint, Defendants UMC and the Individual Providers were providers of health care pursuant to Nevada Revised Statute § 41A.017 and were licensed to practice medicine pursuant to Chapter 630 of the Nevada Revised Statutes. Defendants UMC and the Individual Providers provided health care services under color of state law.

17.     At all times relevant herein, the actions of Defendants Metro, Turley, and Ryndak were performed under the color of state law and pursuant to their authority as police officers.

18.     At all relevant times herein, Defendants DOES 1 – X were, and are, unknown to Mr. Fair and are physicians, certified registered nurse assistants, registered nurses, physician assistants, registered technicians, aides, attendants, and any and all people who were involved in Mr. Fair's care and treatment as medical personnel holding themselves out as duly licensed to practice their respective professions under, and by virtue of the laws of, the State of Nevada and were, and are, so engaged in the practice of their professions in the State of Nevada. The true names, identities or capacities, whether individual or otherwise, of Defendants DOES 1 – X are presently unknown to Mr. Fair, who therefore sues said Defendants by such fictitious names.  Mr. Fair is informed and

LAGOMARSINO LAW

3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

believes and therefore alleges that each of the Defendants sued herein as DOES 1 – X are responsible in some manner for his injuries, in that these DOE Defendants deliberately, reckless, and negligently failed to take reasonable measures to prevent, assess, document and properly and timely treat Mr. Fair's injuries to his right leg, and that their actions and/or omissions proximately caused further injury and damage to Mr. Fair.  When the true names and capacities of such Defendants become known, Mr. Fair will ask the Court for leave to amend this Complaint to insert the true names, identities, and capacities, together with proper charges and allegations.  Mr. Fair's expert has opined that those individuals involved in the care and treatment of Mr. Fair who are known and unknown during the time periods referenced herein, violated applicable standards of care and are responsible for his injuries.

19.     At all times relevant herein, Defendants ROE CORPORATIONS 1 – X were, and are, unknown to Mr. Fair and are believed to be corporations, firms, partnerships, associations, or other medical entities involved in the care, treatment, diagnosis, surgery, and/or other provisions of medical and nursing care to Mr. Fair, as discussed herein.  The true names, identities, or capacities, whether individual, corporate associate, or otherwise of Defendants ROE CORPORATIONS I – X are presently unknown to Mr. Fair, who therefore sues said Defendants by such fictitious names. Mr. Fair is informed and believes and therefore alleges that each of the Defendants sued herein as ROE CORPORATIONS are responsible in some manner for the medical and/or nursing care and treatment provided to Mr. Fair during the times material to the allegations contained herein, in that these ROE Defendants deliberately, reckless, and negligently failed to take reasonable measures to prevent, assess, document, and timely and properly treat Mr. Fair's injuries to his right leg, that they failed to reasonably investigate, hire, train, and/or supervise the medical staff and other employees/agents in their employ, and that their actions and/or omissions proximately caused further injury and damage to Mr. Fair.  When the true names and capacities of such Defendants become

known, Mr. Fair will ask the Court for leave to amend this Complaint to insert the true names, identities, and capacities, together with proper charges and allegations.

20.    Defendants Metro, Truly, and Ryndak, UMC, the Individual Providers, DOES I – X and ROES I – X, individually, and in their official capacity, those persons/entities identified by Mr. Fair's expert, and those responsible individuals and providers of medical and nursing care who provided treatment to Mr. Fair on or about October 7, 2018 to the present that caused damages to Mr. Fair, are hereinafter collectively referred to as the "Defendants."

21.    At all times relevant herein, Defendants, and each of them, were the agents, servants, partners, and employees of each and every other Defendant, and were acting within the course and scope of the agency, partnership, and employment, and, to the extent permitted by law, are jointly and severally liable.

22.    At all times relevant herein, Defendants Turley and Ryndak, pursuant to their powers as peace officers in the State of Nevada, took Mr. Fair into their custody and control on October 7, 2018, during which time Mr. Fair suffered a serious medical condition resulting from the Defendants' use of force that necessity immediate emergency medical care. Defendants Turley and Ryndak acted with deliberate indifference and reckless disregard to Mr. Fair's serious medical need in refusing and failing to provide Mr. Fair with timely and proper medical attention despite his clear and obvious need for medical care. Defendant Metro remains vicariously responsible and liable for the wrongful acts and omissions of its peace officers that occurred within the scope of their employment and resulted in injuries and damages to Mr. Fair.

23.    At all times relevant herein, Defendants UMC and the Individual Providers acted with deliberate indifference and reckless disregard to Mr. Fair's serious medical need by failing to timely and properly diagnose and treat Mr. Fair's serious medical condition to the point that it resulted in the loss of Mr. Fair's right leg – which could have been prevented. Defendant UMC remains vicariously responsible and liable for the wrongful acts and omissions of its nursing staff,

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

medical staff, and medical personnel that occurred within the scope of their employment and resulted in injuries and damages to Mr. Fair.

24. At all times relevant herein, UMC undertook to provide nursing and medical services to Mr. Fair by medical providers and nurses in its employ and under its control. The nursing personnel, nursing providers, medical personnel, and medical providers who provided treatment to Mr. Fair at UMC on October 7, 2018, were employees and/or agents of Defendant UMC, and Defendant UMC remains vicariously responsible and liable for the negligent acts and omissions of its nursing and medical staff and other personnel that occurred within the scope of their employment and resulted in injuries and damages to Mr. Fair.

## ALLEGATION COMMON TO ALL CLAIMS

25. Paragraphs 1 through 24 are hereby specifically included and incorporated as though fully set forth herein.

26. In the early morning of October 7, 2018, Mr. Fair was sitting inside his motor vehicle that was parked at a Sonic Drive In located at 2082 East Warm Springs Road, Las Vegas, Nevada 89119.

27. At approximately 2:41 a.m., Mr. Fair exited his vehicle and Defendant Turley, who was responding to a call regarding a suspicious vehicle, exited his patrol car and immediately began chasing Mr. Fair on foot.

28. The foot pursuit lasted approximately thirty (30) seconds and ended when Defendant Turley tackled Mr. Fair from behind and landed on Mr. Fair's right leg, which resulted in an anterior knee dislocation, disruption of multiple ligaments resulting in an unstable right knee joint.

29. Upon being tackled to the ground by Defendant Turley, Mr. Fair did not resist arrest or make any attempts to flee.

30. While Mr. Fair laid face down on the ground with his hands behind his back, he immediately informed Defendant Turley that his leg was hurt. When ask by Defendant Turley "What

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

is wrong with your leg?" Mr. Fair informed him "you broke it." In response to Mr. Fair's complaints of agonizing leg pain, Defendant Turley told Mr. Fair, "I don't care about your legs."

31.     Unconcerned, Defendant Turley manipulates Mr. Fair's body and continues to search Mr. Fair on the ground.

32.     After searching Mr. Fair, Defendant Turley receives a telephone call from what appears to be his Sargent to update him on the status of Mr. Fair's arrest. Despite Mr. Fair's multiple complaints of pain in his right leg and informing Defendant Turley that it was broken, Defendant Turley failed to raise this issue with his Sargent and refused to request medical assistance.

33.     After Defendant Turley's phone call, Mr. Fair continued to tell Defendant Turley that he is in pain and begs for help.  In response, Defendant Turley tells Mr. Fair "Can you stop talking? You made me run after you so you don't get to do anything."

34.     Mr. Fair continues to complain about his leg to Defendant Turley who, in turn, tells Mr. Fair "Well, that's what happens when you run."

35.     During this time, Mr. Fair continues to beg for help because of his leg and begs the officers to "please unloosen the cuffs, please." Defendant Turley tells Mr. Fair that he would unloosen the cuffs if he stops talking and follows by saying, "Why don't you just shut the fuck up." Defendant Turley also tells Mr. Fair, "What did I tell you? If you run, you don't get anything after that. No courtesy. No common courtesy."

36.     While questioning Mr. Fair about his identity, another Metro officer who, upon information and belief is Defendant Ryndak, asked Defendant Turley "are [the paramedics who were across the street] they coming to check him out?" Defendant Turley casually responded, "I don't think so."

37.     Defendant Ryndak then told Mr. Fair, "I have to be honest with you, if you have to go to UMC, it's just going to extend the amount of time you are in jail."

LAGOMARSINO LAW

3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

38.   During Defendants Ryndak and Turley's questioning, Mr. Fair continued to ask for medical attention and complained of agonizing pain in his right leg. In fact, while Mr. Fair lay on the ground in clear distraught, Defendants Ryndak and Turley are smiling and laughing and one of the officers states, "I am so happy now."

39.   While Mr. Fair continued to complain of severe pain in his right leg, Defendants Turley and Ryndak told Mr. Fair that he would be transported to CCDC and demanded that Mr. Fair stand up and walk. Mr. Fair told Defendants Turley and Ryndak that he could not walk because of his leg. While Mr. Fair struggled to stay upright, Defendants Turley and Ryndak state that "regardless if you can't walk or not I'll wheel you into jail. So stand-up", "you're playing games . . . yes you are" and "shut the fuck up."

40.   Despite Mr. Fair's insistent complaints of severe pain to the point where he was unable to walk, Defendants Turley and Ryndak dragged Mr. Fair to the patrol car where Defendant Turley transported him to CCDC instead of emergently transporting him to the hospital. Defendants Turley and Ryndak's decision to transport Mr. Fair to CCDC instead of the hospital significantly delayed Mr. Fair's medical care and treatment.

41.   Mr. Fair's multiple requests and pleadings to Defendants Turley and Ryndak for medical assistance were met with a blatant disregard for his well-being and denial of medical care, which placed him in substantial risk of suffering serious bodily harm.

42.   Upon arrival at CCDC, Defendant Turley physically dragged Mr. Fair from the patrol car and into CCDC where CCDC medical personnel instructed Defendant Turley to immediately transport Mr. Fair to UMC.

43.   Mr. Fair arrived at UMC at approximately 5:38 a.m. and was triaged by Defendant Nurse Travis.

44.   Defendant Nurse Travis' "Focused Assessment" of Mr. Fair's "Circulation" was incorrectly assessed as "Within Defined Limits." Nurse Travis failed to recognize that Mr. Fair's right

knee was unstable, that he had no pulse in his distal right leg, and his right leg was numb, cold, and pale. Nurse Travis failed to perform a physical exam that would have determined that Mr. Fair had sustained a right knee dislocation with disruption of multiple ligaments.

45.     At approximately 5:44 a.m., Defendant Doud performed an initial evaluation of Mr. Fair and ordered x-rays of Mr. Fair's right femur and right tibia/fibula, which was not the location of his injury. At this time, it has been approximately two (2) hours and forty-five (45) minutes since his post right knee dislocation.

46.     Defendant Doud's initial observation indicated that Mr. Fair was clearly in substantial pain as he was "writhing in the exam room, unable to sit still." Defendant Doud's physical assessment indicated "patient refuses to dorsiflex and plantar flex at the right ankle secondary to pain. He is with pain with passive range of motion of the right ankle joint. Compartments firm. Pulses diminished . . . . right foot is cold to touch. Pallor noted to right foot."

47.     At 6:38 a.m., an inpatient orthopedic consultation was obtained and at 6:52 a.m., the consultation with the orthopedic resident was completed. By this time, approximately four (4) hours have passed since Defendant Turley dislocated Mr. Fair's right knee.

48.     Defendant Doud incorrectly assumed that Mr. Fair's cold, pulseless and numb right lower extremity was secondary to a compartment syndrome, even though there was no history of a crush injury and no physical or medical evidence of a crush injury, including fractures of the femur, fibula or tibia. According to emergency medicine and orthopedic literature, Defendant Doud should have immediately ordered a Computer Tomography Angiography ("CTA") upon discovering any signs of impaired circulation, such as ischemic color change, diminished or absent pulses on presentation with color or temperature changes below the level of the knee. Mr. Fair had such symptoms.

49.     At 6:56 a.m., Defendant Wells, an emergency department attending physician, performed a diagnostic test with a Stryker Intra-Compartmental Pressure Monitor on Mr. Fair. The

LAGOMARSINO LAW

3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

measurement obtained by Defendant Wells, although elevated in two (2) compartments, did not indicate Mr. Fair had a compartment syndrome as the pressures were not within thirty (30) mm HG of his mean arterial pressure. Defendant Wells failed to correctly interpret the compartmental pressures and therefore incorrectly diagnosed Mr. Fair with a compartment syndrome. Defendant Wells also failed to perform a physical exam which would have determined that Mr. Fair had sustained a right knee dislocation with disruption of multiple ligaments and a popliteal artery occlusion. Defendant Wells also failed to order a CTA of the right leg, which would have immediately diagnosed the popliteal artery occlusion and prompted a timely call to a vascular surgeon.

50. The Orthopedic service, which included Defendants Lee, Roehr, Howard and Wentz, failed to correctly interpret the compartmental pressures and physical evidence. Defendants Lee, Roehr, Howard and Wentz therefore incorrectly diagnosed Mr. Fair with a compartment syndrome.

51. Defendants Lee, Roehr, Howard and Wentz also failed to perform a physical exam prior to surgery, which would have identified Mr. Fair's right knee dislocation with disruption of multiple ligaments with a popliteal artery occlusion. The Orthopedic service also failed to order a CTA of the right leg, which would have immediately diagnosed the popliteal artery occlusion and prompted a timely call to a vascular surgeon.

52. The Orthopedic service performed an unnecessary and incorrect procedure – a right calf fasciotomy – which added significant delay in Mr. Fair obtaining a CTA of the right lower extremity. The CTA was not ordered until after Mr. Fair left the operating room and the Orthopedic service recognized their misdiagnosis. The CTA was finally performed at 11:50 a.m., approximately nine (9) hours after the initial injury, well beyond the salvage point for his right lower limb.

53. At this time, Defendant Howard of the Orthopedic service contacted vascular surgeon, Dr. Demetrios Mavroidis, wherein he was forced to operate on Mr. Fair. Dr. Mayroidis stated in the

medical record: "We are now probably 9-hours into the time course, and he is determined by CT angiogram to have no distal flow with a cut off at the level of his posterior knee dislocation. This is a fairly classic vascular injury that is concomitant with a posterior knee dislocation." Given this, Dr. Mavroidis determined that Mr. Fair would have little to no function in the use of his lower right leg and recommended and performed an amputation.

54.     Mr. Fair's in-custody injury was inflicted by Defendant Metro police officer Defendant Turley, who, along with Defendant Ryndak, delayed and interfered with Mr. Fair's constitutional right to medical care. The delay in presenting Mr. Fair for appropriate medical care directly contributed to the need for amputation of Mr. Fair's right leg. Mr. Fair's right leg amputation would have been prevented had he received timely and appropriate medical care.

55.     Based on the standards of care followed by pre-hospital providers, emergency physicians, nurses, and physician assistants, a comprehensive and competent evaluation of Mr. Fair's symptoms should have been conducted sooner than nine (9) hours post injury.

56.     Defendants UMC and the Individual Providers breached the standard of care by not performing timely, competent, and comprehensive evaluations on Mr. Fair upon his arrival at UMC.

57.     As a result of the deliberate indifference of all Defendants, negligence and malpractice of UMC and the Individual Providers, Mr. Fair's leg was amputated.

**FIRST CLAIM OF RELIEF**

*(Punishment Violation of 8th Amendment and 14th Amendment Under 42 U.S.C § 1983)*

*(Plaintiff against all Defendants)*

58.     Paragraphs 1 through 57 are hereby specifically included and incorporated as though fully set forth herein.

59.     42 U.S.C. § 1983 provides in part:

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory subjects, or causes to be subjected, any person of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in any action at law, suit at equity or other proper proceeding for redress.

60.     At all relevant times herein, all Defendants (i) acted under color of state law, (ii) refused to timely and properly treat Mr. Fair's serious medical condition, which deprived Mr. Fair of his Eighth and/or Fourteenth Amendment rights to the United States Constitution to be free from cruel and unusual punishment as well as his Fourteenth Amendment right to medical care and to be protected from municipal actors, and (iii) made a deliberate and intentional decision to not provide Mr. Fair with the appropriate, necessary, and timely medical attention and care he desperately needed to treat his right knee dislocation with disruption of multiple ligaments with a popliteal artery occlusion. Defendants' deliberate and intentional decision to deny Mr. Fair of needed medical care and delay and interference with needed medical treatment, put Mr. Fair at substantial risk of suffering serious bodily harm, including the loss of his right leg, and even death.

61.     Defendants refused to take reasonable and available measures to abate or reduce the risk of serious bodily harm, even though a reasonable person under the circumstances would have understood the severity of Mr. Fair's condition and the high degree of risk involved, making the consequences of their failure to properly treat Mr. Fair's condition obvious. These failures by Defendants were objectively unreasonable and deliberately indifferent to Mr. Fair's obvious need for emergent medical care as Defendants refused to timely and properly diagnose, treat, or transport Mr. Fair to the proper medical facility that could treat his injury, which delay and interference caused Mr. Fair to endure tremendous pain, exacerbate his injuries and ultimately result in the loss of his right leg.

62.     At all times relevant herein, Defendants (i) acted under color of state law; (ii) the acts of their subordinates (Defendant Metro and Defendant UMC's subordinates: the Individual Providers) deprived Mr. Fair of his Eighth and/or Fourteenth Amendment rights to United States Constitution to

be protected from cruel and unusual punishment as well as his Fourteenth Amendment right to medical care and to be protected from municipal actors, and (iii) through their policies and procedures, Defendant Metro and Defendant UMC directed its subordinates to act in the manner that deprived Mr. Fair of his Eighth and/or Fourteenth Amendment protections.

63. At all times relevant herein, all named Defendants deprived Mr. Fair of his Eighth and/or Fourteenth Amendment rights to be protected from cruel and unusual punishment as well as his Fourteenth Amendment right to medical care and to be protected from municipal actors by: (i) making a deliberate decision to ignore Mr. Fair's symptoms, complaints, and objective observations of injury; (ii) that deliberate decision by all Defendants to delay and interfere with Mr. Fair's necessary medical treatment put Mr. Fair at substantial risk of suffering serious bodily harm; (iii) Defendants, and all of them, did not take reasonable measures to abate or reduce the risk of serious bodily harm to Mr. Fair, even though a reasonable officer, emergency medical responder, doctor or actor under the circumstances would have understood the high degree of risk involved, making the consequences of Defendants' failure to act obvious and the cause of the loss of Mr. Fair's right leg.

64. At the times relevant herein, Mr. Fair was forty-five (45) years old and, prior to his encounter with Defendant Turley, he had a fully functioning right leg.

65. At all times relevant herein, Mr. Fair was a pre-trial arrestee, or pre-trial detainee, under the custody and control of Defendants Turley, Ryndak, and Metro.

66. After Defendant Turley tackled Mr. Fair to the ground and dislocated his right knee, Mr. Fair immediately complained of severe pain in his right leg. Mr. Fair continuously and repeatedly informed Defendants Turley and Ryndak that his leg was injured and that he was in agonizing pain and could not walk. Mr. Fair's complaints were intentionally ignored by Defendants Turley and Ryndak for hours and on numerous occasions, Defendants Turley and Ryndak told Mr. Fair to "shut the fuck up" and that "regardless if you can't walk or not I'll wheel you into jail. So stand-up", "you're playing games . . . yes you are."

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864 · Facsimile (702) 383-0065

67.     Despite Mr. Fair's insistent complaints of severe pain to the point where he was unable to walk, Defendants Turley and Ryndak dragged Mr. Fair to the patrol car where they inappropriately transported him to CCDC instead of emergently transporting him to a hospital. Defendants Turley and Ryndak's decision to transport Mr. Fair to CCDC instead of to the hospital significantly delayed Mr. Fair's medical care and treatment. In complete disregard for human life, Defendant Turley physically dragged Mr. Fair (who could not walk) into CCDC where medical personnel immediately recognized that Mr. Fair was suffering from a serious medical condition and directed Defendant Turley to immediately transport him to UMC.

68.     Upon arriving at UMC, the Individual Providers acted with reckless disregard and deliberate indifference to Mr. Fair's serious medical condition by (1) refusing to acknowledge that Mr. Fair's right knee was unstable; (2) refusing to timely conduct a physical examination that would have identified his dislocated right knee with disruption of multiple ligaments and a popliteal artery occlusion; (3) refusing to timely order a CTA; (4) refusing to timely and correctly interpret the compartmental pressures; (5) refusing to timely request a vascular surgeon; (6) refusing to perform a physical exam prior to surgery; and (6) performing an unnecessary and incorrect right calf fasciotomy. Defendant UMC and the Individual Providers' deliberate indifference to Mr. Fair's serious medical condition resulted in a nine (9) hour delay in the proper medical care, which was well beyond the time available to salvage Mr. Fair's right leg.

69.     As a result of the Defendants' deliberate indifference of Mr. Fair's clear and obvious injury, his leg was amputated. All Defendants were acting within the scope and course of their employment, and were joint state actors, when they refused to timely and properly treat Mr. Fair for his medical needs.

70.     Upon information and belief, the medical providers, employed by Defendants UMC were trained on how to properly assess an individual's symptoms and knew, or should have known, how to properly identify a dislocated knee in order to conclude a proper diagnosis. The Defendants'

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864    Facsimile (702) 383-0065

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864 · Facsimile (702) 383-0065

employees further knew, or should have known, that severe symptoms, such as the symptoms Mr. Fair was displaying, was time sensitive and could result in serious permanent injury if gone untreated.

71.     The actions and omissions of all Defendants amounted to a deliberate indifference to a serious and emergent medical need on the part of the employees or agents who knew, or reasonably should have known, that Mr. Fair was suffering from an acute injury and in need of emergency medical attention. The foregoing actions and omissions of the employees or agents of Defendants Metro and UMC, acting under the color of state law, were done with reckless disregard and deliberate indifferent to Mr. Fair's serious medical condition.

72.     Defendants Metro and UMC's agents or employees were placed on direct notice by Mr. Fair that he needed medical treatment for his injuries. Still, despite this notice, and despite continuous complaints of severe pain, Defendants Metro and UMC's agents or employees refused to provide the necessary and timely treatment need. The Defendants' delay in treatment, lack of treatment and precautions were done with reckless disregard and deliberate indifference to Mr. Fair's serious medical condition.

73.     Defendants, and each of them, denied Mr. Fair of the appropriate medical attention, diagnosis, testing, treatments or monitoring for over nine (9) hours despite his consistent complaints of pain and clear need for emergency medical treatment to address his injuries caused by Defendant Turley.

74.     By the actions described above, Defendants, and each of them, deprived Mr. Fair of the following clearly established constitutional rights:

(a)     Eighth and/or Fourteenth Amendment right to be free from cruel and unusual punishment as applied to the state through the Fourteenth Amendment, i.e., Defendants were deliberately indifferent to Mr. Fair's serious medical needs by denying him the emergency medical care he needed and by failing properly and timely diagnose Mr. Fair's injury to prevent the loss of his right lower leg.

(b)  Fourteenth Amendment right to be protected by municipal actors, i.e., Defendants deliberately ignored Mr. Fair's repeated requests for immediate medical attention and because of this deliberate indifference, Mr. Fair's lost the lower right leg due to his untreated injury and the Individual Providers' misdiagnosis and failure to perform proper and timely tests and procedures.

75.  That the wrongful and unlawful acts perpetrated by the Defendants, and each of them, were performed with a reckless disregard of the well-established and constitutionally protected rights of Mr. Fair.

76.  As a legal, direct, and proximate result of the Defendants' deliberate indifference, Mr. Fair endured pain and mental suffering and was deprived of necessary and immediate medical care, treatment, and monitoring.

77.  As a legal, direct, and proximate result of these Defendants' deliberate indifference, Mr. Fair has sustained damages for which he is entitled to compensation, including physical permanent disability, severe emotional, psychological, and mental pain and suffering.

78.  The above described violations of Mr. Fair's civil rights were committed under color of state law and pursuant to the custom, policy and usage of Defendants, who deprived Mr. Fair of the rights, privileges, and immunities secured by the United States Constitution and the laws of the United States of America. Defendants, and each of them, acted with reckless disregard and deliberate indifference to Mr. Fair's serious medical condition and are therefore liable to him for the injuries and damages because they were integral participants in the wrongful acts that led to the loss of Mr. Fair's right leg. Defendants are liable to Mr. Fair under this cause of action pursuant to 42 U.S.C. §1983.

79.  As a result of Defendants' actions, it has been necessary for Plaintiffs to retain an attorney to prosecute this action. Defendants should be required to pay reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant as follows:

1. For judgment in favor of Plaintiff on all counts;

2. For compensatory damages according to proof;

3. For pre- and post- judgment interest at the maximum legal rate;

4. For reasonable attorneys and litigation costs; and

5. For such further relief as this Court may deem just, proper, and appropriate.

DATED this _____ day of December, 2020.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
DAVEN P. CAMERON, ESQ.
Nevada Bar No. 14179
3005 West Horizon Ridge Parkway, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
daven@lagomarsinolaw.com
*Attorneys for Plaintiff Parnell Jay Fair*

LAGOMARSINO LAW
3005 West Horizon Ridge Parkway, #241, Henderson, Nevada 89052
Telephone (702) 383-2864   Facsimile (702) 383-0065

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 38-1, Plaintiff demands a trial by jury on all issues in this action.

DATED this ____ day of December, 2020.

RESPECTFULLY SUBMITTED,

**LAGOMARSINO LAW**

_____
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
DAVEN P. CAMERON, ESQ.
Nevada Bar No. 14179
3005 West Horizon Ridge Parkway, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
daven@lagomarsinolaw.com
*Attorneys for Plaintiff Parnell Jay Fair*

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on this ___ day of December, 2020, I served a true copy of the foregoing **FIRST AMENDED COMPLAINT AND JURY DEMAND** on all parties to this action by first-class U.S. Mail postage pre-paid to the following addresses:

LEWIS BRISBOIS BISGAARD & SMITH LLP
Katherine J. Gordon, Esq.
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118
*Attorney for Dr. Casey Roehr, M.D.*

KAEMPFER CROWELL
Lyssa S. Anderson, Esq.
Ryan W. Daniels, Esq.
Kristopher J. Kalkowski, Esq.
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
*Attorneys for Defendants LVMPD, Lukas Turley, and Alexander Ryndak*

LEWIS BRISBOIS BISGAARD & SMITH LLP
Keith A. Weaver, Esq.
Melanie L. Thomas, Esq.
6385 South Rainbow Blvd. Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Brock T. Wentz, M.D.*

PITEGOFF LAW OFFICE
Jeffrey I. Pitegoff, Esq.
911 Buffalo Drive, Suite 201
Las Vegas, Nevada 89128
*Attorney for Defendants University Medical Center and Chasity Travis*

McBRIDE HALL
Robert C. McBride, Esq.
Sean M. Kelly, Esq.
8329 West Sunset Road, Suite 260
Las Vegas, Nevada 89113
*Attorney for Defendant Jenna Doud and Jesse Wells*

JOHN H. COTTON & ASSOCIATES, LTD.
John H. Cotton, Esq.
Brad J. Shipley, Esq.
7900 West Sahara Avenue, Suite 200
Las Vegas, Nevada 89117
*Attorneys for Defendant Scott Kevin Lee*

LAURIA TOKUNAGA GATES & LINN, LLP
Anthony D. Lauria, Esq.
601 South Seventh Street
Las Vegas, Nevada 89101
*Attorney for Defendant Shain Howard*

____/s/_____
An Employee of Lagomarsino Law