**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Parnell Jay Fair, | Case No. 2:20-cv-01841-JCM-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendants. | |

This case involves an action under 28 U.S.C. § 1983. While the parties stipulated to a brief stay of discovery, Plaintiff reserved the right to re-assess the stay. Plaintiff now moves to lift the stay (ECF No. 78) and Defendants oppose (ECF No. 80). After evaluating the *Kor Media* factors and other arguments presented by the parties, the court will grant Plaintiff's motion.

**Procedural Background**

Pursuant to the parties' stipulation, this court ordered the stay of discovery on January 13, 2021. ECF No. 60. The reason for the agreed upon stay related to the need for the district court to decide certain motions to dismiss. ECF No. 55. The stipulation also requested a status check to discuss the pendency of the motions to dismiss. *Id*. This court held a hearing on March 23, 2021. ECF No. 77. At that time, Plaintiff explained that the parties' stipulation allowed him to move to re-open of discovery and agreed to a continued stay of discovery until May 24, 2021; however, Plaintiff asked that discovery commence after that. *Id*.  Defendants argued that discovery should be stayed pending the district court's decision on the motions to dismiss. The court asked the parties to brief their positions.

**Analysis**

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Accordingly, considerations of judicial economy and preserving the parties' resources may warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*, 750 F.2d 1422, 1426-27 (9th Cir. 1985).

The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In fact, a dispositive motion ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive motion is pending, the court may grant the stay when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

Plaintiff argues Defendants have not met the *Kor Media* factors. First, he argues that the arresting/transporting Metro officers have not filed their own motion to dismiss, such that the pending motions before the district court are not entirely dispositive of the case. Next, he argues that the pending motions to dismiss can be decided without further discovery. Lastly, he provides arguments for the proposition that his claim for relief will not be dismissed.

Defendants do not analyze the *Kor Media* factors but provide the following arguments in support of the continued stay. First, Defendants argue Plaintiff's incarceration complicates (or precludes) Defendants' ability to depose him, undertake an independent physical examination, and properly respond to discovery requests. Defendants also argue that they will be subjected to

1  significant costs if the stay is lifted, especially as it relates to retaining expert witnesses. Given

2  Defendants' belief that they will prevail on the motions to dismiss and that Plaintiff will not be

3  prejudiced if the stay continues, they argue for a continued stay of discovery.

4       As to the first *Kor Media* factor, Plaintiff correctly asserts that even if the pending

5  motions to dismiss were granted, the motions would not entirely dispose of the case, although it

6  would be dispositive as to the "medical" defendants.

7       As to the second factor, it does not appear that additional discovery is required to

8  determine the pending motions to dismiss.

9       As to the third factor, after conducting a preliminary peek, this court is not convinced that

10  Plaintiff will be unable to proceed with his claims in this court.  The court is not convinced that

11  Defendants will succeed on their statute of limitations defense at this point in the litigation. The

12  Court will not, however, provide an in-depth analysis of its evaluation of the motion to dismiss.

13
14      The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather,

15  this court's role is to evaluate the propriety of an order staying or limiting discovery . . . .

16

17  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011).

18       This court sympathizes with the issues raised by Defendants. However, the arguments

19  posed are common to most § 1983 cases. Additionally, it appears the parties can conduct some

20  discovery at this stage that does not involve the Plaintiff's deposition or the independent medical

21  evaluation. Given the current trend of COVID-19 vaccinations and the slow return to life prior to

22  the pandemic, it is possible that these issues may be moot in the coming months. Thus, in the

23  Court's broad discretion, it will order the parties to proceed with discovery starting May 24, 2021

24  because it is not convinced Defendants will succeed on their dispositive motion.

25       **IT IS ORDERED** that the stay of discovery will be lifted as of May 24, 2021.

26       **IT IS FURTHER ORDERED** that the parties will have twelve months to conduct

27  discovery. Should specific impediments require an extension of this dates, the court will consider

28  a request supported by good cause.

1      **IT IS FURTHER ORDERED** that the parties submit a joint discovery plan and

2 scheduling order by May 7, 2021 incorporating the discovery deadlines in this order.

3      DATED: April 23, 2021

4

                                  BRENDA WEKSLER

5                                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28