LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com
kkalkowski@kcnvlaw.com

*Attorneys for Defendants*
*Las Vegas Metropolitan Police Department,*
*Lukas Turley, and Alexander Ryndak*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL JAY FAIR, individually, <br><br> Plaintiff, <br><br> vs. <br><br> LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al. <br><br> Defendants. | Case No.: 2:20-cv-01841-JCM-BNW <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **(Proposed)** |

Parnell Jay Fair ("Plaintiff") seeks to obtain, inspect, and copy documents and/or things which the Las Vegas Metropolitan Police Department ("LVMPD") reasonably believes may contain private and sensitive information, confidential information of LVMPD, its officers and employees, its internal investigative and administrative actions, and other confidential information. Pursuant to an agreement by the Parties, the Court hereby enters the following Order for Protection ("Protective Order"):

/ / /

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 1 of 14

# TERMS OF PROTECTIVE ORDER

## I. DEFINITIONS

The following definitions apply to this Protective Order:

1. <u>Party</u>. Any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel. Party, as used in this Protective Order, shall also refer to the Las Vegas Metropolitan Police Department, and its officers, agents and employees; Parnell Jay Fair; Shain Howard aka Howard Shane; Jenna Doud; Jesse Wells; Scott Kevin Lee, M.D.; Brock T. Wentz, D.O.; Casey Allen Roeher, M.D.; and University Medical Center and its officers, agents and employees.

2. <u>Disclosure or Discovery Material</u>. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3. <u>"Confidential" Information or Items</u>. Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the law enforcement investigative and/or official information privileges, or that contain Criminal History Information, personal information regarding individuals including Social Security Numbers, dates of birth and information which a person would have a reasonable expectation of privacy. Confidential information shall also include information concerning, regarding, or as a result of covert or undercover law enforcement investigation(s) technique(s), method(s) or source(s), including the identity of any confidential informant, undercover officer information, or information referring to any undercover or active criminal investigations. Further, Confidential Information shall also include any information protected from disclosure under *Donrey v. Bradshaw*, 106 Nev. 630 (1990) or an official or executive information privilege. Confidential Information shall also

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 2 of 14

include employee information, employee medical information, and employee disciplinary action, including any internal investigation concerning employee actions.

  4. <u>Receiving Party</u>. A Party that receives Disclosure of Discovery Material or Confidential Information from a Producing Party.

  5. <u>Producing Party</u>. A Party or third party that produces Disclosure or Discovery Material or Confidential Information in this action.

  6. <u>Designating Party</u>. A Party or third party that designates information or items that it produces in disclosures or in response to discovery as "Confidential."

  7. <u>Protected Material</u>. Any Disclosure or Discovery Material or Confidential Information that is designed as "Confidential."

  8. <u>Outside Counsel</u>. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  9. <u>House Counsel</u>. Attorneys who are employees of a Party.

  10. <u>Counsel</u> (without qualifier). Outside Counsel and House Counsel (as well as their support staffs).

  11. <u>Expert</u>. A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

  12. <u>Professional Vendor</u>. Person or entity that provides litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and its employees and subcontractors.

  13. The use of the singular form or any word includes the plural, and vice versa.

///

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 3 of 14

## II. SCOPE

The protection conferred by this Protective Order covers not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by parties or counsel to or in court or in other setting that might reveal Protected Material.

## III. DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## IV. DESIGNATING PROTECTED MATERIAL

1. <u>Manner and Timing of Designations</u>. Except as otherwise provided herein, or as otherwise ordered, material that qualifies for protection under this Protective Order must be clearly designated before it is disclosed or produced. Designations in conformity with this Protective Order require:

    a. <u>For information in documentary form</u>. That the Producing Party shall affix the legend "Confidential" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins or redacting portions). A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 4 of 14

under this Protective Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins or by redacting protected portions).

    b. <u>For testimony given in deposition or in other pretrial or trial proceedings</u>. That before the close of the deposition, hearing, or other proceeding, the Party or non-party offering or sponsoring the testimony shall identify on the record all protected testimony and further specify any portions of the testimony that qualify as "Confidential." When it is impractical to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection under the standards set forth herein within the thirty (30) days shall be covered by the provisions of this Protective Order. Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    c. <u>For information produced in some form other than documentary, and for any other tangible items</u>. That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 5 of 14

2. <u>Inadvertent Failure to Designate</u>. Inadvertent failure to identify documents or things as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated "Confidential" or if the Designating Party receives notice that would enable the Designating Party to learn that it has disclosed such information, the Designating Party must immediately notify all other parties. In such event, within thirty (30) days of notifying all other Parties, the Designating Party must also provide copies of the "Confidential" information designated in accordance with this Protective Order. After receipt of such re-designated information, the "Confidential" information shall be treated as required by this Protective Order, and the Receiving Party shall promptly, but in no event more than fourteen (14) calendar days from the receipt of the re-designated information, return to the Designating Party all previously produced copies of the same unlegended documents or things. The Designating Party and the Parties may agree to alternative means. The Receiving Party shall receive no liability, under this Protective Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party. The Challenging Party must give the Designating Party an opportunity of not less than ten (10) calendar days to review the designated material, to reconsider the circumstances, and, if no changes in the designations is offered, to explain in writing the basis for the confidentiality designation.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 6 of 14

2. <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a third party in connection with this case solely for the limited purposes of prosecuting, defending, attempting to settle, or settling this action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

2. <u>Disclosure of "Confidential" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

   a. The Parties to this action and the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation. Counsel of Record shall be responsible for advising all of their staff of the existence of, and their confidentiality obligations under, the Protective Order, and shall be responsible for any non-compliance with the Protective Order by members of their staff that have not signed an agreement to be bound by the Protective Order;

///

///

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 7 of 14

b. The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the Protective Order;

c. Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the Protective Order;

d. The Court and its personnel;

e. Court reporters, their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

f. During their depositions or at trial, witnesses in the action to whom disclosure is reasonably necessary. Witnesses will not be permitted to retain copies of Protected Material unless they have signed or agreed under oath and on the record to be bound by the Protective Order. Upon request of a Designating Party, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

g. The author of the document or the original source of the information and recipients or addressees in the normal course of business.

3. <u>Trial and Dispositive Motion Disclosure</u>. For the purpose of trial and/or dispositive motions, the parties acknowledge that a "strong presumption in favor of access" exists. A Party seeking to seal a judicial record at trial and/or the dispositive motion stage bear

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 8 of 14

the burden of establishing "compelling reasons" by "articulating compelling reasons supported by specific factual findings," that outweigh the public policies favoring disclosure.[1]

    4.    <u>Disclosure of Possession of Confidential Information</u>. All persons described in paragraph VI above shall not under any circumstances sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained Confidential Information.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Designating Party, in writing (by fax or email if possible) immediately and in no event more than seven (7) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such party of copy of this Protective Order. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Once notice is given, and five (5) business days have elapsed, the Receiving Party shall have no further liability for disclosure pursuant to a subpoena or its equivalent.

/ / /

---

[1] *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Circ. 2006).

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than seven (7) calendar days: (a) notify in writing (using best efforts to use email or fax) the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Protective Order, and (d) request such person or persons to execute an Agreement to be Bound by Protective Order. The Receiving Party shall promptly notify the Designating Party of the results of its efforts with regards to (b), (c), and (d) herein. After a good faith meet and confer effort to resolve any remaining disputes concerning compliance with this paragraph, any Party, Receiving Party or Designating Party may seek relief from this Court for non-compliance with this provision. Said relief may include, but is not limited to, preclusion of the Receiving Party's use in this litigation of the Protected Material that was disclosed contrary to this Protective Order, or any other sanction deemed appropriate by the Court.

## IX. PUBLICLY AVAILABLE OR PREVIOUSLY POSSESSED INFORMATION

The restrictions in the preceding paragraphs regarding disclosure of Protected Material do not and shall not apply to information or material that: was, is, or becomes public knowledge in a manner other than by violation of the Protective Order, is acquired by the non-designating party from a third party having the Right to disclose such information or material or was lawfully possessed by the non-designating party before the date of this Protective Order. The Designating Party shall act in good faith to notify the Receiving Party of any change in circumstances that renders Confidential Information or Items no longer Confidential within a reasonable time period after the change becomes known to the Designating Party.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

# X. FILING PROTECTED MATERIAL

With respect to non-dispositive motions and pleadings, Protected Material or Information derived therefrom is included with, or the contents of such a document are disclosed in, any documents filed with the Clerk of this Court or any other court, the filing Party shall file said document under seal. Unless otherwise agreed by the Parties to permit service by some other means such as by email or facsimile, copies of any pleading, brief or other document containing Protected Material that is served on opposing counsel shall be delivered in a sealed envelope stamped:

**CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER**

and shall be treated in accordance with the provisions of this Protective Order. Subject to the Court's convenience and needs, all material filed in this fashion will be kept under seal by the Clerk until further order from the Court.

# XI. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days of a written request, after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) calendar day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 11 of 14

forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth herein. In the event of an appeal, "Final Disposition" shall not occur until the conclusion of all appeals.

**XII. ADDITIONAL PROVISIONS**

1. <u>Modification</u>. The Parties may modify this Protective Order by written agreement, subject to approval by the Court. The Court may modify this Protective Order.

2. <u>Right to Assert Other Objections</u>. This Protective Order does not affect or waive any right that any Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, this Protective Order does not affect or waive any Party's right to object on any ground to use in evidence any of the material covered by this Protective Order.

3. <u>Privileges Not Waived</u>. This Protective Order does not affect or waive any applicable privilege or work product protection, or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

4. <u>Third Party Protections</u>. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written notice to the Parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

5. <u>Obligations to Third Parties</u>. Nothing herein shall operate to relieve any Party or non-party from any pre-existing confidentiality obligations currently owed by any Party or non-party to any other Party or non-party.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 12 of 14

6. <u>Retention of Completed Agreement to be Bound by Protective Order Forms</u>. Completed Agreement to be Bound by Protective Order Forms ("form") shall be maintained by the Party that obtained the completed form pursuant to this Protective Order. The Party retaining the completed form shall produce the form to resolve any good faith challenge by a Party or Designating Party or dispute concerning whether a person who is obligated under this Protective Order to complete the form did so properly and complied with the representations in the form and this Protective Order. If the parties are unable to resolve any such disputes or challenges through a good faith meet and confer process, the challenging Party or Designating Party may seek appropriate relief from this Court.

DATED this 21st day of June, 2021.

KAEMPFER CROWELL

By: */s/ LYSSA ANDERSON*
LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

*Attorneys for Defendants*
*Las Vegas Metropolitan Police*
*Department, Lukas Turley, and*
*Alexander Ryndak*

LAGOMARSINO LAW

By: */S/ ANDRE LAGOMARSINO*
ANDRE LAGOMARSINO
Nevada Bar No. 6711
3005 W. Horizon Ridge Pkwy, Ste. 240
Las Vegas, NV 89052

*Attorneys for Plaintiff*

LAURIA TOKUNAGA GATES & LINN

By: */S/ ANTHONY LAURIA*
ANTHONY D. LAURIA
Nevada Bar No. 4114
601 S 7th St.
Las Vegas, NV 89101

*Attorneys for Defendant*
*Shain Howard aka Howard*
*Shane*

MCBRIDE HALL

By: */S/ SEAN KELLY*
ROBERT C. McBRIDE
Nevada Bar No. 7082
SEAN M. KELLY
Nevada Bar No. 10102
8329 W. Sunset Rd., Ste. 260
Las Vegas, NV 89113

*Attorneys for Defendants*
*Jenna Doud and Jesse Wells*

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 13 of 14

| | |
|---|---|
| JOHN H. COTTON & ASSOCIATES<br><br>By:   */S/ BRAD SHIPLEY*<br>     JOHN H. COTTON<br>     Nevada Bar No. 5268<br>     BRAD J. SHIPLEY<br>     Nevada Bar No. 12639<br>     7900 W. Sahara Ave., Ste. 200<br>     Las Vegas, NV 89117<br><br>*Attorneys for Defendant*<br>*Scott Kevin Lee, M.D.* | SALTZMAN MUGAN DUSHOFF<br><br>By:   */S/ WILLIAM A. GONZALEZ*<br>     MATTHEW DUSHOFF<br>     Nevada Bar No. 4975<br>     WILLIAM A. GONZALEZ<br>     Nevada Bar No. 6319<br>     1835 Village Center Circle<br>     Las Vegas, Nevada 89134<br><br>*Attorneys for Defendants*<br>*University Medical Center and Chastity Travis* |

LEWIS BRISBOIS BISGAARD & SMITH

By:   */s/ KATHERINE GORDON*
     KATHERINE GORDON
     Nevada Bar No. 5813
     KEITH A. WEAVER
     Nevada Bar No. 10271
     MELANIE L. THOMAS
     Nevada Bar No. 12576
     6385 S. Rainbow Blvd., Ste. 600
     Las Vegas, NV 89118

*Attorneys for Defendant*
*Brock T. Wentz, D.O. and Casey Allen Roehr, M.D*

## Order

**IT IS SO ORDERED**

**DATED:** 12:14 pm, June 25, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2845350_1 6943.226

Page 14 of 14