**LAGOMARSINO LAW**
ANDRE M. LAGOMARSINO, ESQ.
Nevada Bar No. 6711
CORY M. FORD, Esq.
Nevada Bar No. 15042
3005 West Horizon Ridge Parkway, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
cory@lagomarsinolaw.com
*Attorneys for Plaintiff Parnell Jay Fair*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PARNELL JAY FAIR, individually,<br><br>Plaintiff,<br><br>v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; LUKAS TURLEY, individually; ALEXANDER RYNDAK, individually; DOES I – X, and ROES I – X, inclusive<br><br>Defendants. | CASE NO: 2:20-cv-01841-JCM-BNW<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** |

Plaintiff PARNELL FAIR, by and through his attorneys, ANDRE M. LAGOMARSINO, ESQ. and CORY M. FORD, ESQ. of LAGOMARSINO LAW, submits *Plaintiff's Motion for Leave to Amend the Complaint*. This Motion is made and based on the Memorandum of Points and Authorities, the pleadings and papers on file, the attached exhibits, and any argument of counsel to be made at the time of hearing.

. . .

. . .

. . .

. . .

. . .

. . .

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a motion to amend the operative complaint. This motion is being filed before the deadline to amend the Complaint. A copy of the proposed amended complaint is attached hereto as Exhibit 1.

This civil rights case was originally brought against Defendants Las Vegas Metropolitan Police Department, Officer Lukas Turley, and Officer Alexander Ryndak ("Officer Defendants"), and various medical providers ("Medical Defendants") arising out of the injuries sustained by Plaintiff while in the custody of the Officer Defendants. The Court has dismissed out all medical defendants with prejudice. (ECF Nos. 90, 93). The current remaining Defendants are Officers Turley, Ryndak, and LVMPD.

The case arises out of the injuries to, and amputation of, Plaintiff's leg after being placed under arrest by officers Turley and Ryndak. After a short foot chase, Plaintiff was tackled by Defendant Turley. Plaintiff **does not** claim that Turley used excessive force by tackling him. Plaintiff has maintained his suit against Turley and Ryndak for delaying his medical care and for using excessive force against Plaintiff after he told them that his right leg was severely injured. Plaintiff's leg was ultimately amputated because of the acts and omissions of Defendants Turley and Ryndak combined with the negligent medical care provided to Plaintiff at UMC (after he was ultimately transported there from CCDC).

The deadline to seek amendment to the operative complaint on file is February 23, 2022. (ECF No. 86). This motion to amend the complaint is brought before the deadline. Plaintiff seeks to amend the complaint to (1) clarify and streamline the relevant facts after conducting depositions and receiving body cam videos, (2) eliminate Defendant LVMPD as a Defendant, (3) eliminate Plaintiff's cause of action under the 8th and 14th Amendments, (4) eliminate several allegations against medical providers that have now been dismissed out of the action and (5) add two (2) causes of action against Defendants Turley and Ryndak under the 4th Amendment.

. . . .

. . . .

## II. PROCEDURAL HISTORY

On October 2, 2020, Plaintiff filed his complaint asserting a cause of action for violations of his Eighth and Fourteenth amendment rights, and a second cause of action for professional negligence (ECF No. 1). Defendants LVMPD and the Officer Defendants filed their Answer on October 27, 2020 (ECF No.7). In November of 2020, all the named Medical Defendants filed motions to dismiss or joinders. (ECF Nos. 16, 24, 29, 31, and 32). Subsequently, the parties came to an agreement to remove the second cause of action of professional negligence and correct the information regarding the Officer Defendants. These agreements were included in the Stipulation and Proposed Order to Amend Plaintiff's Complaint, which was filed on December 8, 2020 (ECF 44). The Stipulation and Order was granted on December 9, 2020 (ECF No. 45) and Plaintiff's First Amended Complaint was filed on December 10, 2020 (ECF No. 46). The Medical Defendants filed motions (or joinders) to dismiss the amended complaint (EFF Nos. 50, 5, 52, 53, 57, 61, 64, 65). The Court dismissed Plaintiff's claims against all Medical Defendants without prejudice and gave Plaintiff leave to amend his complaint (ECF 90). Plaintiff declined to amend. Multiple Medical Defendants then filed a motion or joinder to dismiss with prejudice (ECF Nos. 92 and 93). Plaintiff declined to respond, and the Court ordered Plaintiff's claims against Medical Defendants be dismissed with prejudice (ECF No. 93).

Since the filing of Plaintiff's First Amended Complaint, discovery has yielded new information in the form of documentary evidence, body cam footage, and deposition testimony. As a result, Plaintiff seeks to amend his Complaint to add a claim for denial of objectively reasonable medical care under the 4th Amendment and excessive force under the 4th Amendment. Plaintiff seeks to remove his previous claim of punishment in violation of the 8th and 14th Amendments. Plaintiff likewise seeks to remove Las Vegas Metropolitan Police Department as a Defendant. (Exhibit 1, Proposed Second Amended Complaint.)

The deadline to amend the Complaint is February 23, 2022. This motion is being submitted prior to that deadline.

. . . .

. . . .

### III. STATEMENT OF FACTS

Early in the morning on October 7, 2018, Mr. Fair was found to be unresponsive in the drive through line of the Sonic located at 2082 E. Warm Spring Road, Las Vegas, NV 89052. Fair was revived and he exited his car. At approximately 2:41 a.m., Defendant Officer Lukas Turley arrived on scene and immediately began chasing Mr. Fair on foot.

Defendant Turley tackled Mr. Fair (Exhibit 2, Officer Turley Body Worn Camera Footage, 9:55:10), resulting in Mr. Fair's right knee bending the wrong way and dislocating, causing damage to the surrounding ligaments and vascular system (Ex.2, Turley BWC, 9:55:54-9:55:59). Mr. Fair, who was only aware that he was in immediate and excruciating pain, informed Defendant Turley that his leg was "broken" (Ex. 2, Turley BWC, 9:56:12-9:56:20). Defendant Turley refused to get immediate medical attention for Mr. Fair, despite being approached by an EMT mere minutes after being informed that Mr. Fair was injured. Mr. Fair continuously complained about his leg and audibly moaned in pain throughout his interaction with Defendant Turley (Ex.2, Turley BWC, generally; Exhibit 3, Officer Ryndak Body Worn Camera Footage, generally).

When Defendant Officer Alexander Ryndak arrived on scene, Mr. Fair was still clearly complaining of leg pain and stating that his leg was broken. Both Defendant Officers were verbally abusive to Mr. Fair and dismissive of his injuries (Ex.2, Turley BWC 9:57:45-9:58:01, 9:59:50-10:00:10, 10:05:05-10:05:12, 10:05:36-10:05:49, 10:06:30-10:06:39, 10:06:26-10:09:37, 10:25:27-10:25:32; Ex.3 Ryndak BWC 10:12:43-10:12:54). Defendant Ryndak eventually radioed for medical assistance, however, he canceled it minutes later claiming that Community Ambulance 308 had checked Mr. Fair out. There is no video footage of this examination as both Defendant Officers had their body worn cameras turned off in violation of LVMPD policy. However, the available body worn camera footage <u>clearly</u> shows the medic on scene did not have his medical bag nor gloves with him after the call was cancelled and the alleged exam took place (Ex. 3, Ryndak BWC, 10:12:06-10:12:57). The EMT's ambulance was still located down the road at the Sonic location. Moreover, a subpoena to Community Ambulance reveals absolutely no records of any examination or assessment being conducted on Mr. Fair. (Exhibit 4, Community Ambulance Records Reflecting No Records of Examination or Assessment).

Defendant Officers' sergeant, Sergeant Walford, arrived on scene and assisted the Defendant Officers in transporting Mr. Fair back to the Sonic location. Mr. Fair continued to moan and tell the Officers and Sergeant that his leg was broken. After mocking Mr. Fair, Sergeant Walford and Defendant Turley forced Mr. Fair to walk between two police cars, despite Mr. Fair's clear inability to do so safely (Ex. 2, 10:23:29-10:24:22, 10:25:17-10:26:28). Sergeant Walford and Defendant Turley refused to transport Mr. Fair to the ER or call for transport, again telling Mr. Fair that he was fine and had already been checked out.

When Mr. Fair arrived at CCDC, the medical staff there insisted he be transported to UMC for emergency care. Upon Mr. Fair's arrival at UMC, he endured approximately 9 hours of grueling misdiagnoses and unnecessary procedures before his knee dislocation and vascular trauma were correctly diagnosed. Due to the delay of the Officer Defendants in obtaining emergency care for Mr. Fair and the delay of Mr. Fair receiving a proper diagnosis, the tissues in Mr. Fair's lower leg had been without blood flow for too long, and a lower leg amputation was necessary.

## IV. LEGAL STANDARD ON A MOTION TO AMEND A COMPLAINT

Fed. R. Civ. P. 15 (a)(2) states in pertinent part, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Plaintiff's counsel asked Defense counsel if they would stipulate to the filing of an amended complaint removing LVMPD as a Defendant, removing the cause of action under the 8th and 14th Amendments, and adding the 4th Amendment Cause of Action. After speaking with their clients, Defendants' counsel declined to stipulate to the amendment. This motion follows as a result.

In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason—such as (1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice to the opposing

party by virtue of allowance of the amendment, (5) futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman,* 371 U.S. at 182.

In the Ninth Circuit, not all the *Foman* factors are weighed equally, as "it is the consideration of prejudice to the opposing party that carries the greatest weight." *See Eminence Capital*, 316 F.3d at 1052. Accordingly, Plaintiff's Motion must be granted because there does not exist any apparent or declared reason for why leave should not be freely given for Plaintiff to amend his complaint.

## V.   LEGAL ARGUMENT

### A.   There is no undue delay.

Plaintiff has been timely in the presentation of the instant motion for leave to amend the Complaint. Therefore, there was no undue delay in Plaintiff moving the Court for Plaintiff to be allowed leave to file his amended pleading.

### B.   There does not exist any bad faith or dilatory motive.

The Ninth Circuit has suggested that a proposed amended complaint may be offered in bad faith where it seeks to add "new but baseless legal theories." *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). There is no indication of bad faith concerning the timing and filing of Plaintiff's Motion as Plaintiff is asserting valid claims.

### C.   There does not exist any repeated failure to cure deficiencies by amendments.

Plaintiff made the informed decision to abide by the Court's initial ruling dismissing the Medical Defendants from his First Amended Complaint and declined to amend in order his claim against said Medical Defendants. With respect to the amendment of the claims against the Defendants, Plaintiff's counsel wanted to take the depositions of the Defendants before moving to amend. Assessment of the potential claims was necessary. After the depositions, Plaintiff's counsel asked for a stipulation but was politely rebuffed.

. . . .

. . . .

**D.    There does not exist any undue prejudice to the Defendants.**

By allowing Plaintiff to amend his Complaint, there is no conceivable prejudice to the Defendants. Defendants are already privy to all of the amendments to Plaintiff's Complaint. All of the new information included in the Amended Complaint concerns information that was uncovered through the parties' participation in discovery. Plaintiff is not adding any additional causes of action nor is Plaintiff adding any other parties to this action, thus Defendants will not be prejudiced through discovery and would instead continue the same investigation of Plaintiff's claims. In fact, Plaintiff is removing a party and a cause of action. As such, there will be no alteration of Defendants' discovery investigation. Therefore, Defendants will not be subjected to undue prejudice by virtue of allowing Plaintiff leave to file his Second Amended Complaint.

**E.    There does not exist any futility in amending Plaintiff's Complaint.**

The amendment to Plaintiff's Complaint is relevant and necessary, as it only seeks to amend the allegations to adhere to evidence revealed through discovery.  The effect of amending Plaintiff's Complaint will alleviate any existing or upcoming confusion of the issues in relation to the evidence.  Should Plaintiff's complaint not be amended, there would be grave injustice to Plaintiff as the Complaint is not completely accurate with the uncovered evidence in the case.  A proposed copy of Plaintiff's Second Amended Complaint is attached hereto as Exhibit 1.

## VI.    CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that this honorable Court grant this Motion to Amend the Complaint.

DATED this 18thh day of February 2022.

**ORDER**

IT IS ORDERED that ECF No. 94 is DENIED without prejudice. IT IS FURTHER ORDERED that the parties must meet and confer about Plaintiff's proposed amended complaint. If the parties cannot reach an agreement on whether and the extent to which Plaintiff should be permitted to amend his complaint, Plaintiff may refile his motion to amend. *See* LR 16-1(d).

**IT IS SO ORDERED**
**DATED:** 12:48 pm, February 22, 2022



**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

**LAGOMARSINO LAW**

 */s/ Andre M. Lagomarsino*
ANDRE M. LAGOMARSINO, ESQ.
CORY M. FORD, ESQ.
3005 W. Horizon Ridge Pkwy., #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
AML@lagomarsinolaw.com
*Attorneys for Plaintiff Parnell Fair*

Page 7 of 8

## CERTIFICATE OF SERVICE

Pursuant to Nevada Rules of Civil Procedure 5(b), I hereby certify that on this 18th day of February 2022, I served the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT** on all parties to this action by electronic service and U.S. Mail to the following:

KAEMPFER CROWELL
Lyssa S. Anderson, Esq.
Ryan W. Daniels, Esq.
Kristopher J. Kalkowski, Esq.
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
*Attorneys for Defendants LVMPD, Lukas Turley, and Alexander Ryndak*

_____
An Employee of **LAGOMARSINO LAW**